J-S34031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NASIR ANTHONY MALIK GRANT | : | |
| | : | |
| Appellant | : | No. 625 MDA 2021 |

Appeal from the PCRA Order Entered April 22, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001705-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NASIR ANTHONY GRANT | : | |
| | : | |
| Appellant | : | No. 626 MDA 2021 |

Appeal from the PCRA Order Entered April 22, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001532-2019

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

CONCURRING STATEMENT BY McLAUGHLIN, J.:**FILED: FEBRUARY 23, 2022**

I join the majority in full. As the dissent points out, defense counsel made a statement on the record during the plea hearing suggesting that Grant was eligible for boot camp. Counsel said that Grant was "looking forward to" making a change "through boot camp." N.T., 1/21/20, at 7. That statement lends some support to Grant's testimony that his attorney told him the Commonwealth could waive Grant's ineligibility for boot camp. The PCRA court

unfortunately did not make an explicit finding of fact one way or the other as to whether counsel ever gave Grant such advice.

Nonetheless, as the majority explains, the PCRA court did find as a fact that Grant would have pleaded guilty even if counsel had not allegedly misinformed him about his eligibility for bootcamp. In view of that finding, I agree that Grant failed to carry his burden to prove prejudice.

Judge Dubow joins the concurring statement.